United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AYALNEH A DILNESSA,
Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION, et al.,
Defendants.

Case No. 23-cv-01013-JSW

**ORDER OF DISMISSAL**

**INTRODUCTION**

Plaintiff, an inmate at Napa State Hospital, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against the Social Security Administration, the Butte County Sheriff's Department, and Napa State Hospital. He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the case is DISMISSED.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon

which it rests.""" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint “does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**DISCUSSION**

Plaintiff’s complaint is frivolous because it incomprehensible and incoherent. A case “is frivolous if it is of little weight or importance: having no basis in law or fact.” *Andrews*, 398 F.3d at 1121 (internal quotation and citation omitted). The complaint consists of several pages of legal terms in apparently random, and certainly nonsensical, order. Similarly random factual allegations are thrown together that have no apparent or explained connection to each other or the interspersed legal terms. Here is a typical example:

> I am the above plaintiff exercising my right to petition, my right to publicity, and my right to equal protection of the law, writing this complaint to this court for the injuries by the defendants denying my right of expatriation, my right to free and just trade, involuntary servitude as a non commercial with my free will, cause in your jurisdiction by block grants of my credit not in compliance from third party interlopers who seek to take/seize any of solid property or upon fulfillment of trusts purpose indistribution . . .

(ECF No. 1 at 1, 3.) Because the complaint has no basis in law or fact.

Furthermore, Plaintiff may not sue any of the Defendants under Section 1983 for money damages in this court. The first Defendant, the Social Security Administration, is an arm of the federal government. As such it is not a “state actor” and therefore is not liable under Section 1983. The second Defendant, the Butte County Sherriff’s Department, can be a state actor, but it

is located with the venue of the United States Court for the Eastern District of California, not in the venue of this court. Therefore, any claims against the Butte Sheriff's Department for actions taken in Butte County must be brought in the Eastern District of California, not this court. The third Defendant, the California Department of State Hospitals ("DSH"), is immune from suit for money damages under the Eleventh Amendment because it is an department of the State of California. Plaintiff may bring damages claims against individuals working for the DSH in their individual capacity, but not against the DSH of the State of California.

**CONCLUSION**

For the foregoing reasons, the case is DISMISSED for failure to state a claim upon which relief may be granted.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: March 9, 2023

JEFFREY S. WHITE
United States District Judge